**Date Signed:**
**August 1, 2013**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>NOTICING PROCEDURES OF<br>CAIN & HERREN, ATTORNEYS<br>AT LAW | Misc. No. 13-70004<br><br><br>Re: Docket No. 4 |

### MEMORANDUM OF DECISION ON
### MOTION TO EXTEND TIME TO APPEAL

    Cain & Herren seeks a determination of whether the court's order of July 2, 2013, is subject to immediate appeal, or an extension of time to appeal from that order. With some reluctance, I will grant the extension.

    It came to light in In re Moragne, Case No. 12-00324, that Cain & Herren failed on many occasions to take the steps necessary to give proper notice to all creditors. On July 2, 2013, I entered an order in the Moragne case requiring Cain & Herren to disgorge its attorneys' fees and take other remedial actions. Because

Cain & Herren made the same mistake in many other cases, I entered a separate order in this miscellaneous proceeding on the same day, requiring Cain & Herren to take remedial action in the other cases.

On July 12, 2013, less than fourteen days after the orders were entered, Cain & Herren filed a motion to extend the appeal time in the <u>Moragne</u> case. I granted the motion and extended the appeal time to August 4, 2013.

On July 19, 2013, more than fourteen days after the orders were entered, and a week after it filed its motion in the <u>Moragne</u> case, Cain & Herren filed the motion that gives rise to this decision. The Office of the U.S. Trustee opposes the motion.

A notice of appeal must be filed within fourteen days after entry of the order. Fed. R. Bankr. P. 8002(a). The bankruptcy court has the authority to extend the time for filing a notice of appeal from most kinds of orders. <u>Id</u>. 8002(a)(1). The standard for granting the extension depends on when the motion is filed. Motions filed before the the initial appeal period expires are usually granted. If the party files the extension motion within twenty one days after the initial appeal period expires, the movant must make "a showing of excusable neglect." <u>Id</u>. 8002(c)(2).

The Supreme Court instructs trial courts to take a flexible view of

U.S. Bankruptcy Court - Hawaii   #13-70004   Dkt # 7   Filed  08/01/13   Page 2 of 7

"excusable neglect."

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [party opposing the extension], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993) (footnotes omitted). The Court rejected a per se rule that an attorney's mistake about the rules never constitutes "excusable neglect." "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392 (footnotes omitted).

The U.S. Trustee relies on Ninth Circuit cases decided before and just after Pioneer. During that period, the court took a relatively narrow view of "excusable neglect." See, e.g., Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994) (late filing of motion for attorneys' fees not excused by attorney's mistaken belief that three days for service by mail should be added to a time period measured from the entry of judgment). The trend changed, however, with the en

3

U.S. Bankruptcy Court - Hawaii   #13-70004   Dkt # 7   Filed  08/01/13   Page 3 of 7

banc decision in Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004). See In re Hawaiian Airlines, Inc., 2011 WL 1483923 (D. Haw. April 18, 2011). In Pincay and subsequent decisions, the Ninth Circuit adopted a more flexible and lenient definition of "excusable neglect," Zilog, Inc., v. Corning (In re Zilog, Inc.), 450 F.3d 996, 1006-07 (9th Cir. 2006) ("In Pioneer and Pincay, sophisticated attorneys were let off the hook after missing filing deadlines."), and reminded trial courts to apply the Pioneer factors, Lemoge v. United States, 587 F.3d 1188, 1196-98 (9th Cir. 2009).

Although it is a close case, I find that Cain & Herren has established that its failure to file an earlier extension motion is the product of "excusable neglect."

The first Pioneer factor is the risk of prejudice to the opposing parties. The U.S. Trustee argues that the delay may add to the harm which Cain & Herren's clients have already suffered due to its errors. Cain & Herren has neither sought nor obtained a stay of enforcement of the order, so Cain & Herren ought to be complying with it now. A brief extension of the appeal period won't excuse noncompliance or make the situation materially worse.

The second factor is the length of the delay and its potential impact on judicial proceedings. The relevant delay is the three day period between the expiration of the initial appeal period and Cain & Herren's filing of the extension

4

motion. This is a very brief delay that will not significantly affect any judicial proceedings.

The third factor is "the reason for the delay, including whether it was within the reasonable control of the movant." This is the weakest link in Cain & Herren's argument. Cain & Herren gave two explanations for its delay.

First, Cain & Herren believed that the extension granted in Moragne would also apply to this miscellaneous proceeding. "Cain & Herren filed the motion for extension in [Moragne] based on the belief that an extension in [Moragne] should extend to the Order in this case because the two orders appear to be generated from a shared set of facts, circumstances, findings and conclusions." It is true that the orders in Moragne and this miscellaneous proceeding are both based on the same mistakes which Cain & Herren committed in many cases. But it is hardly uncommon to see separate cases involving different victims of similar errors. Skilled and experienced attorneys, such as the attorneys of Cain & Herren, must realize that an extension granted in one such case does not automatically apply to other cases, no matter how similar.

Second, Cain & Herren expresses doubt that the order is appealable. This explanation is implausible and illogical. The alleged uncertainty did not deter Cain & Herren from filing a timely extension motion in the Moragne matter.

5

The final factor is "whether the movant acted in good faith." There is no reason to believe that Cain & Herren had any improper motive for its three day delay in filing the extension motion.

The list of factors in <u>Pioneer</u> is not exclusive. Another factor worth considering is that Cain & Herren sought and obtained a comparable extension in <u>Moragne</u>. In order to avoid the risk of inconsistent results in similar cases, Cain & Herren should get the same extension in this case that it got in <u>Moragne</u>.

Cain & Herren seeks a declaratory ruling from me on whether the order is an appealable order. I decline to express an opinion on that issue. The question of appealability is relevant to the appellate court's jurisdiction. Only the appellate court can decide its own jurisdiction in a binding fashion. No party could safely rely on my opinion, so it is best that I not state an opinion.

The U.S. Trustee's evident frustration is understandable. This case arises out of serious blunders by Cain & Herren. The firm now seeks relief from what appears to be another blunder: its inexplicable failure to file an extension motion during the initial appeal period. The "excusable neglect" standard expressly contemplates that "neglect" is sometimes "excusable," and the <u>Pioneer</u> test indicates that Cain & Herren's neglect is excusable.

Therefore, the motion is GRANTED. The time within which Cain & Herren

may file a notice of appeal from the order of July 2, 2013, is extended to and including August 4, 2013.

**END OF ORDER**